IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MANAGEDSTORAGE INTERNATIONAL, INC., | ) | Case No. 09-10368 (MFW) |
| et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related Docket No. 4** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order (this "Order") that authorizes the Debtors to retain Epiq Bankruptcy Solutions, LLC ("Epiq") as claims, noticing and solicitation agent (the "Claims Agent") to the Debtors; and upon the Daniel C McElhinney (the "McElhinney Declaration"), which is annexed to the Application as Exhibit B, wherein it appears that Epiq (i) does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged, and (ii)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252,) 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London EC4M 7EF, United Kingdom.

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

is not connected with the Debtors, their creditors, other parties in interest, the United States Trustee or anyone employed by the Office of the United States Trustee with respect to the matters upon which Epiq is to be engaged; and it appearing that Epiq is a "disinterested person" within the meaning of section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*; and it appearing that the relief requested therein is in the best interests of the Debtors, their estates and creditors; and no notice of the Application needing be given pursuant to Rule 2002-1(f) of the Local Rules for the United States Bankruptcy Court District of Delaware; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Debtors are hereby authorized to retain and employ Epiq as the Claims Agent in these chapter 11 cases in accordance with the terms of the Services Agreement attached to the Application as <u>Exhibit A</u> for the purposes set forth in the Application.

3. The terms of the Services Agreement are hereby approved.

4. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq incurred pursuant to the Services Agreement are to be treated as an administrative expense of the Debtors' chapter 11 estates, and shall be paid by the Debtors in the ordinary course of business after the submission of an invoice in reasonable detail describing the basis for the fees and expenses requested to be paid thereto.

5. The Debtors and Epiq are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Paragraph 7.4 of the Services Agreement is qualified as follows:

(a) Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than those described in the Services Agreement, unless such services and indemnification therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors

may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement;

7. ORDERED that notwithstanding anything to the contrary in this Order or in the Motion, any expenditures to be made by the Debtors shall be in accordance with, and limited by, the amounts set forth in the Approved Budgets (as defined in the interim and final orders authorizing debtor-in-possession financing in these proceedings) subject to the Approved Variances and other provisions of such financing orders.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February 6, 2009

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge