IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MANAGEDSTORAGE INTERNATIONAL, INC., ) | Case No. 09-10368 (MFW) |
| et al.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | **Related Docket No. 9** |

**ORDER AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS, (III) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (IV) PROVIDING ADMINISTRATIVE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS AND (V) THE WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing the Debtors to maintain existing bank accounts, (ii) authorizing the Debtors to continue use of existing business forms, (iii) authorizing the Debtors to continue use of their existing Cash Management System, (iv) providing administrative expense priority for postpetition Intercompany Claims, and (v) granting an interim and final waiver of the deposit and investment requirements under section 345(b) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252,) 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London EC4M 7EF, United Kingdom.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion (the "Bank Accounts"); (ii) to use, in their present form, checks and other documents related to the Bank Accounts; and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtors as "Debtors in Possession"; and it is further

ORDERED that Wells Fargo Bank, Comerica Bank, Lloyds, Key Bank, PNC Bank and any other bank and financial institution (collectively, the "Banks") at which any Bank Account is or may be maintained is hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check that the Debtors advise the bank to have been

drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

ORDERED that (i) that certain existing arrangements, between the Debtors and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks; (ii) the Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee and counsel to any official committee appointed in this case; and (iii) in the course of providing cash management services to the Debtors, each Bank is authorized, without further Order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors; and is further

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with its honoring or dishonoring of a

Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that each Bank that maintains a disbursement account of any of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order; and it is further

ORDERED that the Debtors may continue to fund their businesses and operations, through the Bank Accounts; and it is further

ORDERED that the Debtors shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements, if any, with the institutions participating in the Debtors' Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate with notice to the United States Trustee, the Debtors' prepetition and postpetition

lenders, and to any official committee appointed in these cases; provided, however, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein, unless provided otherwise by the Court in any subsequent order(s); and it is further

ORDERED that the Debtors are authorized to continue to use their existing business and correspondence forms until such time as they are reasonably able to effectuate the necessary changes required to add the words "Debtor in Possession" to such forms, provided that in the case of any of the Debtors' preprinted forms, the Debtors are authorized to continue to use their existing supplies of such forms until depleted and upon depletion, any new checks or forms will bear the legend "Debtor in Possession"; and it is further

ORDERED that the Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practice; and it is further

ORDERED that, subject to the following paragraph of this Order, the Debtors are authorized, on an interim basis for approximately 60 days, to deposit funds (i) in excess of amounts insured by the Federal Depository Insurance Corporation in the case of Bank Accounts maintained in the United States and (i) in the Foreign Fund Accounts, as requested in the Motion, all in accordance with the Debtors' customary prepetition Cash Management System, in addition to the investments and deposits permitted by Bankruptcy Code § 345, pending a final hearing on this aspect of the relief requested ~~to be conducted on _____, 2009 at ____~~; and it is further

ORDERED that the authority and approvals granted by the terms of this Order to the Debtors, including with respect to the opening and closing of Bank Accounts and continuation of their Cash Management System, shall be in all respect subject to any requirements imposed on the Debtors under (i) any approved debtor in possession financing facility and/or (ii) order(s) authorizing cash collateral usage; and it is further

ORDERED that the Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED that pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, the Debtors are authorized to continue to consummate Intercompany Transactions in the ordinary course of business, and all Intercompany Claims by and against the Debtors are accorded administrative priority status pursuant to section 507(a)(1) of the Bankruptcy Code; the Debtors will track and keep records of all such Intercompany Transactions; and it is further

ORDERED, that the Debtors shall serve a copy of this Order on the Debtors' Cash Management Banks, which are hereby directed to internally code each of the Debtors' Bank Accounts as "Debtor in Possession" accounts, and the Debtors are directed to provide to the United States Trustee any response to such direction that the Debtors receive from the Cash Management Banks; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February 6, 2009

*The Honorable Mary F. Walrath*
United States Bankruptcy Judge