IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MANAGEDSTORAGE INTERNATIONAL, INC., | ) |
| a Delaware corporation, [1] | ) Case No. 09-10368 (MFW) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related Docket Nos. 16, 144, 145, 146, 147, 148, |
| | 150, 153, 154, 157 and 163 |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF MOTION FOR AN ORDER: (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF CERTAIN OF ITS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS TO LAURUS MASTER FUND, LTD. (IN LIQUIDATION) OR A HIGHER OR BETTER BIDDER; (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(A), (F) AND (M) OF THE BANKRUPTCY CODE; (III) AUTHORIZING THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

ManagedStorage International, Inc. and its affiliated debtors (collectively, the "Debtors"), by their undersigned counsel, hereby offer this Omnibus Reply (the "Reply") to each of the objections and reservations of rights filed in response to the Debtors' pending sale motion filed at Docket Number 16 (the "Motion"). In support of the Reply and the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252,) 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London EC4M 7EF, United Kingdom.

## INTRODUCTION

1. While the Debtors certainly dispute many of the legal arguments offered by the various parties who have responded to the Motion, the Debtors will not be asking the Court to approve the assumption and assignment of any agreement that is the subject of a pending dispute at the April 2, 2009 sale hearing. Such matters will likely be resolved either by agreement, or by follow-up evidence and argument before the Court upon notice. (Both methods of resolutions are contemplated by the language of paragraph 9 of the proposed form of order approving the Motion). This Reply will serve to advise the Court of the status of each pending objection

2. Oracle USA, Inc. (Docket No. 144): Oracle contends that none of its non-exclusive intellectual property license agreements can be assumed and assigned without its consent. Oracle also takes the position that there has been no disclosure of the identity of the buyer, and that the claimed cure amount is not being paid at closing. None of these concerns need prevent approval of the Motion, however, because the Debtors do not seek to assume or assign any agreement to which Oracle is a counterparty. Instead, the Debtors expect that such agreements will only be subject to assignment pursuant to a negotiated resolution with Oracle, or pursuant to subsequent court order, upon notice.

3. Avnet, Inc. (Docket No. 145): Avnet's limited objection seeks to ensure that its purchase money security interest in certain of the Debtors' accounts receivable is not affected by the sale. It will not be. Such lien position is the subject of a separate agreement which includes, among other things, the right for Avnet to collect such accounts receivable itself. To be clear, the Debtors do not seek permission to sell any asset which is subject to Avnet's lien.

4. Moevosa LLC (Docket No. 146): Moevosa challenges the proposed cure payments for the office space it owns in Metuchen, New Jersey. The Debtors do not seek to

assume and assign such lease. Accordingly, the sale order sought by the Debtors will have no effect upon the landlord.

5. <u>Moevosa III LLC (Docket No. 147)</u>: Moevosa III challenges the proposed cure payments for the office space it owns in Conshohocken, Pennsylvania. The Debtors do not seek to assume and assign such lease. Accordingly, the sale order sought by the Debtors will have no effect upon the landlord.

6. <u>Thomas Kunigonis (Docket No. 148)</u>: Kuni argues that no agreement to which he is a party can be assumed and assigned without specific notice to him. While one or both of his agreements could certainly be assumed and assigned both by their terms and pursuant to Bankruptcy Code section 365, the Debtors do not seek to assume and assign them now, in connection with the hearing on the Motion. Accordingly, Kuni's rights will not be affected by the Motion and his limited objection can be disregarded.

7. <u>Commvault Systems, Inc. (Docket No. 150)</u>: The Debtors have entered into a written stipulation resolving any and all issues relating to the assignment of the Debtors' agreements with Commvault. So, its reservation of rights is no impediment to approval of the sale.

8. <u>Joseph J. Graziano (Docket No. 153)</u>: Mr. Graziano contends that the Debtors cannot assume and assign their rights under a Stock Purchase Agreement entered into with him even though the Debtors have fully performed thereunder (and the only performance remaining due is one owing from Mr. Graziano to not compete with the business being sold) because the agreement purports to restrict assignment without his consent. Because the subject non-compete is not a personal services contract and simply requires Mr. Graziano to refrain from competing, the Debtors believe it may be assigned. See In re Hearing Centers of America, Inc., 106 B.R.

719, 722 (M.D. Fla. 1989); In re Visionamerica Incorporated, (2001 WL 1097741, Bankr. W.D. Tenn.) ("noncompetition clause does not require any affirmative action on the part of [the former employee] and is thus assignable"). Even so, the Debtors do not seek to assume and assign any contract to which Mr. Graziano is a party in connection with the hearing on the Motion. As a result, his objection can be disregarded.

9. <u>Transitional Management Consultants, Inc. (Docket No. 154)</u>: Transitional Management argues that its Consulting and Subcontractor Agreement cannot be assumed and assigned because it purports to restrict assignment without its prior written consent. Because the non-compete at issue is not a personal services contract and simply requires Transitional Management Consultants to refrain from competing, the Debtors believe the Consulting and Subcontractor Agreement may be assigned. See In re Hearing Centers of America, Inc., 106 B.R. 719, 722 (M.D. Fla. 1989); In re Visionamerica Incorporated, (2001 WL 1097741, Bankr. W.D. Tenn.) ("noncompetition clause does not require any affirmative action on the part of [the former employee] and is thus assignable"). Even so, the Debtors do not seek to assume and assign any contract to which Transitional Management Consultants is a party in connection with the hearing on the Motion and, as a result, this objection can be disregarded.

10. <u>Westcon Group North America, Inc. (Docket No. 157)</u>: Westcon seeks to ensure that none of its agreements with the Debtors, including its Comstor Marketing Agreement, are being assumed and assigned to the purchaser. No Westcon agreements are being assumed in the sale. Accordingly, the Court may disregard Westcon's reservation of rights and limited objection in approving the Motion.

11. <u>370 Seventh Avenue Associates (Docket No. 163)</u>: 370 Seventh Avenue seeks to reserve its rights and object to any assumption and assignment of its office space lease in

39563-001\DOCS_DE:146718.1

Manhattan. The Debtors do not seek to assume and assign such lease. Accordingly, the sale order sought by the Debtors will have no effect upon the landlord.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court overrule the objections, disregard the purported reservations of rights, and enter an order granting the Motion.

Dated: April 2, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ signature/*
_____
John Fiero (CA Bar No. 136557)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bruce Grohsgal (Bar No. 3583)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
bgrohsgal@pszjlaw.com

Counsel for the Debtors and Debtors-in-Possession