IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MANAGEDSTORAGE INTERNATIONAL, INC., | ) Case No. 09-10368 (MFW) |
| et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related Docket Nos. 16, 114, 188 and 189** |

**SALE ORDER PURSUANT TO 11 U.S.C.§§ 105, 363 AND 365 AND BANKRUPTCY RULES 2002, 6004 AND 6006 APPROVING (i) ASSET PURCHASE AGREEMENT, (ii) SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (iii) WAIVER OF STAY PROVISIONS UNDER BANKRUPTCY RULES 6004 AND 6006, (iv) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (v) GRANTING OTHER RELATED RELIEF**

This matter coming before the Court on the *Debtors' Motion for an Order (I) Approving Asset Purchase Agreement And Authorizing The Sale Of Certain Of their Assets Outside The Ordinary Course Of Business to Laurus Master Fund, Ltd. (In Liquidation), Or A Higher And Better Bidder; (II) Authorizing The Sale Of Assets Free And Clear Of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(a), (f) And (m) of the Bankruptcy Code; (III) Authorizing the Assumption and Assignment Of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the "Sale Motion"); the Court having entered the *Order: (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Scheduling an Auction and Hearing to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252,) 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London EC4M 7EF, United Kingdom.

*Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts* [Docket No. 95]; no Auction of the Debtors' assets having been conducted due to no other "Competing Bids" (as defined in the Bid Procedures Order) being received pursuant to the Bid Procedures Order; the Debtors' having executed a revised APA dated as of April 2, 2009 (a true and correct copy of which is attached hereto as Exhibit "A") (the "APA"), with the Purchaser (as defined in the APA) who was determined by the Debtors as having submitted the highest and best bid for the Purchased Assets (as defined in the APA) pursuant to the APA; there being no objections to the Sale Motion, or any objections thereto having been withdrawn, waived, settled or overruled on the merits; the Sale Hearing on the Sale Motion having been held on April 2, 2009; all interested parties having been duly served with appropriate Notice and having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; the Court being otherwise duly informed in the premises all objections having been resolved or overruled for the reasons stated on the record and all capitalized terms not defined in this Order having the same meanings as in the Sale Motion;

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in the Motion are Sections 105(a), 363(b), (f), (m) and (n), and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101

*et seq.*, as amended (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   On March 23, 2009 this Court entered the Final Order (I) Authorizing (A) Secured Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, And 364 (C) And (D); (B) Granting Security Interests, Super-priority Claims And Adequate Protection; And (C) Use Of Cash Collateral (the "DIP Order"), approving, among other things, the use of cash collateral by the Debtors and the extension of the Postpetition financing on a secured basis by the Purchaser to the Debtors.

C.   Subject to the Committee's challenge rights set forth in Paragraphs 23 and 25 of the DIP Order, the Purchaser has a security interest in substantially all of Debtors' Prepetition and Postpetition assets to secure the Prepetition Indebtedness of Laurus, for itself and on behalf of all holders of the prepetition and postpetition indebtedness of the Debtors to Laurus and its affiliates, together with their respective successors and assigns, and the DIP Indebtedness, as defined in the DIP Order.

D.   The Debtors and their authorized broker, Pagemill Partners, LLC, have conducted a thorough and adequate search for potential purchasers for the Purchased Assets, and the Sale was conducted in accordance with the requirements of the Bid Procedures Order, as reflected in testimony or offers of proof by counsel at the Hearings.

E.   Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, and the transactions contemplated by the APA and this Order (the "Transactions"), including, without limitation, the assumption and assignment of the Assumed Contracts and Assumed Leases, has been provided in accordance with Sections 105(a), 363 and 365 of the

3

Bankruptcy Code and Rules 2002, 6004, 6006, and 9014 of the Bankruptcy Rules. Such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale Hearing, or the transactions, including, without limitation, the assumption and assignment of the Assumed Contracts and Assumed Leases, is or shall be required.

F. As demonstrated by (i) the testimony and/or other evidence proffered at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have conducted the sale process fairly and openly in a manner reasonably calculated to produce the highest and best offer for the Purchased Assets under the circumstances and in compliance with the Bid Procedures Order. The Sale Hearing was held and the highest and best offer received by the Debtors for the Purchased Assets at or before the Sale Hearing was the offer by the Purchaser, as such offer is reflected in the APA.

G. Approval of the APA and consummation of the Transactions, including the sale of the Purchased Assets at this time, is in the best interests of the Debtors, their creditors, estates, and other parties in interest. The Debtors have established that strong business reasons exist for (i) selling the Purchased Assets outside the ordinary course of business and outside a plan and (ii) the assumption and assignment of the Assumed Contracts and Assumed Leased as specified in the APA. The sale of the Purchased Assets pursuant to the APA will produce higher value than could be obtained in a liquidation sale.

H. The Debtors have demonstrated that sale of the Purchased Assets and consummation of the Sale and all of the transactions contemplated in the APA reflect the exercise of the Debtors' sound business judgment.

39563-002\DOCS_DE:146693.3

I.  Upon review of the evidence presented or proffered, the Court finds that the APA was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. The terms of the APA are fair and reasonable. Neither the Debtors, nor the Purchaser have engaged in any conduct that would cause or permit the APA or any part of the Transactions provided for herein to be avoided, or for the imposition of costs and damages against the Purchaser under Section 363(n) of the Bankruptcy Code. The Purchaser is not an insider of the Debtors as that term is defined in Section 101(31) of the Bankruptcy Code.

J.  Upon review of the evidence presented or proffered, the Court finds that the Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the sale of the Purchased Assets pursuant to the APA at any time after the entry of this Order, unless a stay pending appeal is in effect at the time of any closing, and the ten (10) day stay otherwise in effect under Bankruptcy Rules 6004 and 6006 is hereby waived and dispensed with, and this Order shall be effective immediately upon entry thereof.

K.  Except as otherwise set forth herein, the Debtors are the sole and lawful owner(s) of the Purchased Assets. Subject to certain exceptions set forth herein, the Debtors may sell the Purchased Assets to the Purchaser free and clear of all liens, claims encumbrances and interests in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code. As a condition of purchasing the Purchased Assets, the Purchaser requires that the Assets be sold free and clear of all liens, claims, encumbrances and interests, except those explicitly and

expressly assumed by the Purchaser in the APA (which shall be limited to the Assumed Indebtedness (and the Permitted Lien(s), if any), (as defined below)). Accordingly, the transfer of the Purchased Assets to the Purchaser is or will be a legal, valid and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title and interest in and to the Purchased Assets, free and clear of all liens, claims, encumbrances and interests, except those explicitly and expressly assumed by the Purchaser in the APA, which shall be limited to the Assumed Indebtedness (and the Permitted Lien(s), if any) pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws. Except as otherwise expressly set forth in the APA, the transfer of the Purchased Assets to Purchaser does not and will not subject Purchaser to any liability whatsoever with respect to the operation of the Debtors' business and/or the ownership of the Purchased Assets prior to the Closing.

L.     Except as set forth herein, non-debtor parties holding valid liens, claims encumbrances or interests in or with respect to the Purchased Assets, including parties to Assumed Executory Contracts or Assumed Executory Leases who did not object to the Sale Motion or those whose objections were withdrawn are deemed to have consented to the sale of the Purchased Assets free and clear of their liens, claims or interests in or with respect to the Purchased Assets pursuant to section 363(f)(2) and 365 of the Bankruptcy Code.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Sale Motion is GRANTED by this Order and all objections thereto which have not been waived, withdrawn, or settled as reflected on the Docket of these cases or the record of the Sale Hearing are hereby overruled.

## Approval of the Asset Purchase Agreement

2. The APA, as received by the parties in interest and presented to the Court, and all of the terms and conditions thereof, as may be amended, including as may be amended by this Order, are hereby approved.

3. Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and directed to consummate the sale of the Purchased Assets pursuant to and in accordance with the terms and conditions of the APA and this Order.

4. The Debtors are empowered to perform under, consummate and implement the APA, and are authorized and directed to take all other actions as are necessary to effectuate the Transactions, including executing and delivering all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to possession the Purchased Assets and the Assumed Contracts and Assumed Leases, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

## Transfer of Assets Free and Clear of Liens

5. At Closing, Purchaser shall acquire the Purchased Assets for the Purchase Price (as defined in the APA, to the extent modified hereby), which shall include the following consideration: (i) cancellation and/or assumption of the Lenders Debt (as defined by the APA) and the assumption of the Assumed Liabilities; and (ii) the payment such sums required to satisfy all "cure amounts" of Assumed Contracts and Assumed Leases that Purchaser chooses to acquire of the Debtors (in the amounts specified in the Cure Notices served pursuant to the Bid

7

Procedures Order, or in such other order of the Court, or in such amounts agreed to by the counterparties and the Debtors and the Purchaser, collectively, the "Cure Amounts"). Upon the payment of the Purchase Price, the Purchased Assets shall be transferred, and title passed, to the Purchaser pursuant to the fullest extent permitted by Sections 105(a) and 363(f) of the Bankruptcy Code and all other applicable laws, free and clear of all claims, liens, interests or encumbrances other than the Assumed Liabilities (as defined in the APA) and such other liens, claims and interests, if any, as are expressly and explicitly assumed by the Purchaser in the APA (collectively, the "Permitted Liens"), with all such liens, claims, interests or encumbrances of any kind or nature whatsoever (other than the Assumed Liabilities and the Permitted Liens) attaching to the proceeds of the sale ultimately attributable to the property against or in which the holder of an interest claims or may claim an interest in the order of their priority, with the same validity, force and effect which they now have, subject to any claims and defenses the Debtors may possess with respect thereto. The APA shall not be deemed to convey to Purchaser any rights under the contracts or agreements with Moevosa LLC, Moevosa III LLC, and/or *

6. Except for the Assumed Liabilities (as defined in the APA) or as otherwise expressly provided for in the APA and this Order, the Purchaser shall not have any liability or responsibility for any Liability (as defined in the APA) or other obligation of the Debtors arising under or related to the Purchased Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided in the APA, the Purchaser shall not be liable for the Excluded Liabilities (as defined in the APA) or any other Liabilities against the Purchased Assets, Debtors or any of their predecessors or affiliates including, but not limited to, Liabilities whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to

* Thomas Kunigonis, and all rights, claims and defenses of each party to any such contract or agreement are preserved and are unaffected by this Order.

39563-002\DOCS_DE:146693.3

the Closing Date, whether relating to or arising out of the Business (as defined in the APA), the Excluded Assets (as defined in the APA) or the Purchased Assets or otherwise, other than the Assumed Liabilities.

7. Except as expressly permitted or otherwise specifically provided by the APA or this Order, all parties holding liens, encumbrances or claims or interests of any kind or nature whatsoever against Debtors or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or un-matured, known or unknown, liquidated or unliquidated, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' business prior to the Closing Date, or the transfer of the Purchased Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' liens, encumbrances or claims against the Purchaser, its successors or assigns, its property or assets, which claims are hereby transferred to the sale proceeds whether or not a party asserting any such claim has delivered to Purchaser a release. But for the Assumed Liabilities and obligations under Assumed Contracts and Assumed Leases (subject to the limitation in the APA on the Cure Amounts), Purchaser shall not be liable for any claims of any kind or nature, whether prepetition or postpetition, matured or un-matured, fixed or contingent, liquidated or unliquidated, known or unknown, against the Debtors or any of their predecessors or affiliates, and the Purchaser shall have no successor liability to the extent this Court has the authority to order same under applicable law.

8. Pursuant to sections 365(b), (c) and (f) of the Bankruptcy Code, and subject to this Order, the Debtors are authorized to assume and assign the executory contracts

and unexpired leases as were identified in the Cure Notices and/or to which the counterparty consented (hereinafter referred to collectively as the "Assigned Contracts"), which shall include but not be limited to, consistent with the APA and this Order, those identified in Section 2.1 of the APA or Schedules 2.1(b), 2.1(c) and 2.1(e) of the APA, designated for assignment to the Purchaser pursuant to the APA, subject to the procedures established in the Bid Procedures Order.

9. Those Assigned Contracts and Leases to which there has not been an objection and which are set forth on Schedules 2.1(b), 2.1(c) and 2.1(e) of the APA (or which subsequently are included (a) by agreement of the counterparty and the Purchaser, or (b) by further order of this Court): (i) shall be deemed assumed and assigned to the Purchaser as of the Closing Date and (ii) the Purchaser shall be deemed to have provided adequate assurance of its future performance under the relevant Assigned Contracts and Leases within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code. The Assigned Contracts and Leases are in force, effective, and upon payment of the allowed Cure Amounts, no defaults shall exist thereunder, monetary, or non-monetary.

10. Upon Closing, the Purchaser shall assume full responsibility and liability for all Assigned Contracts and Leases, and shall pay the Debtors the Cure Amounts (as have been established in accordance with the Bid Procedures Order and subject to the APA limitations), and Debtors shall have no further responsibility, financial or otherwise, under any Assumed Contracts or Assumed Leases for any monetary or non-monetary defaults, breaches or other damages associated with the Assumed Contracts or Assumed Leases, whether arising or accruing prior to or subsequent to the Closing.

10

11. On or as promptly after the Closing Date as practical, the Cure Amounts to which no objections have been filed, or to which the Purchaser and applicable non-debtor contract party have agreed as to the allowed Cure Amount(s), shall be paid, subject to the limitation on Purchaser's liability in the APA.

12. The Debtors and the Purchaser shall have the right until the Closing Date, or at such later time as mutually agreed upon between the Debtors, the Purchaser and applicable non-debtor party, to amend the list of Assigned Contracts designated for assumption and assignment under the APA (a) to designate any such executory contract or unexpired lease for assumption and assignment to Purchaser that, as of such date, had not been designated as an Assigned Contract (solely because such executory contract or unexpired lease was not previously identified by the Debtors) and has not been rejected by the Debtors or otherwise terminated (a "Previously Unidentified Contract"), and (b) to remove any such executory contract or unexpired lease from the list of Assigned Contracts, including, without limitation, in such instances where the parties cannot reach agreement on a disputed Cure Amount, subject to the terms of the APA.

13. The Purchaser shall not be required to assume any contract absent a Cure Amount with respect to any Assigned Contracts, if any, acceptable to the Purchaser, and the Debtors shall not be deemed to assume any executory contract and/or unexpired lease that is not assigned to the Purchaser.

14. There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Purchaser as a result of the assumption and assignment of any Assigned Contract or Assigned Lease.

15. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all parties to the Assigned Contracts are forever barred and enjoined from raising or asserting against the Purchaser any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assigned Contracts existing as of the Closing or arising by reason of the Closing, except for any postpetition amounts that are Assumed Liabilities being assumed by the Purchaser under the APA. Payment of the Cure Amounts shall be deemed to discharge the Debtors' obligation to: (i) cure, or provide adequate assurance that the Debtors will promptly cure, any defaults under the Assigned Contracts; and (ii) compensate, or provide adequate assurance that the Debtors will promptly compensate any non-debtor party to the Assigned Contracts for any actual pecuniary loss resulting from any default under the Assigned Contracts.

16. In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon transfer of the Assigned Contracts to the Purchaser, (i) the Purchaser shall have all of the rights of the Debtors thereunder and each provision of such Assigned Contracts shall remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in any such Assigned Contract or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, and (ii) no Assigned Contract may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the Transactions.

17. The transfer of the Purchased Assets to the Purchaser pursuant to the APA and this Order constitutes a legal, valid, and effective transfer of the Purchased Assets, and shall vest the Purchaser with the same right, title and interest of the Debtors in and to the Purchased

39563-002\DOCS_DE:146693.3

Assets free and clear of all liens of any kind or nature whatsoever (but for the Assumed Liabilities and the Permitted Liens) notwithstanding any requirement for approval or consent by any entity (as defined in Section 101(15) of the Bankruptcy Code).

18.     From and after the entry of this Order, the Debtors, and all third parties with notice of the sale shall not take or cause to be taken any action which would interfere with the transfer of the Purchased Assets to Purchaser in accordance with the terms of this Order or the APA or the use and operation by the Purchaser of the Purchased Assets.

19.     The transfer of the Purchased Assets to the Purchaser pursuant to the APA is an exchange for consideration by the Purchaser that constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

### Additional Provisions

20.     On the Closing Date of the Transactions, each of the Debtors' creditors, secured or otherwise, are authorized and directed to execute such documents and take all other actions as may be necessary to release their liens, claims or encumbrances in or against the Purchased Assets, if any, as such liens, claims or encumbrances may have been recorded or may otherwise exist.

21.     If any person or entity asserting a security interest has filed financing statements, mortgages, construction liens, mechanic's liens, *lis pendens*, or other documents or agreements evidencing liens or encumbrances with respect to the Purchased Assets, and has not delivered to the Debtors and/or the Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction,

13

39563-002\DOCS_DE:146693.3

and/or releases of all liens which the person or entity has with respect to any of the Purchased Assets then (a) the Debtors or the Purchaser are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens in and encumbrances against the Purchased Assets of any kind or nature whatsoever.

22. This Sale Order shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Sale Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

23. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers is not applicable to the sale of the Purchased Assets to the Purchaser.

24. The APA is not a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford, and is not in violation of creditors' voting rights.

25. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

26. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of this Order and the APA and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the APA and any subsequent agreement as required to be entered into between the Debtors and the Purchaser pursuant to this Order, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the Purchased Assets free and clear of liens, claims, interests or encumbrances.

27. Any stay, modification, reversal or vacation of this Order will not affect the validity of any obligation of the Debtors to the Purchaser incurred under this Order. Notwithstanding any such stay, modification, reversal or vacation, all obligations incurred by the Debtors under this Order and the APA prior to the effective date of such stay, modification, reversal or vacation will be governed in all respects by the original provisions of this Order, and the Purchaser is entitled to the rights, privileges and benefits granted in this Order with respect to all such obligations.

28. Nothing contained in any plan confirmed in this case or any Order of this Court confirming such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

29. The transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code.

15

Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the Transactions as to the Purchaser, except to the extent such authorization is duly stayed pending such appeal prior to such consummation. The evidence presented or proffered has demonstrated that the Purchaser is a purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

30. The terms and provisions of this Order shall be binding in all respects upon and shall inure to the benefit of, the Debtors, their successors and assigns, if any, their estates, and their creditors, the Purchaser and its affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting liens or encumbrances in or against such Purchased Assets, notwithstanding any subsequent appointment of any Chapter 11 or Chapter 7 trustee(s), upon which such terms and provisions likewise shall be binding.

31. All collections and any proceeds of the Prepetition collateral of Laurus, for itself and on behalf of all holders of the prepetition and postpetition indebtedness of the Debtors to Laurus and its affiliates, together with their respective successors and assigns, and the DIP Facility collateral, including any account, claim, account receivable or general intangible that the Debtors, or their successor(s) or assign(s) may receive subsequent to the closing shall be held in trust for the Purchaser and promptly remitted to the Purchaser, by not later than ten (10) business days after receipt.

32. Any notices required to be given to Debtors' employees pursuant to any federal or state labor laws shall be the sole responsibility of Debtors, and the Purchaser shall

16

have no liability for any failure by the Debtors to do so. Except as otherwise expressly provided in the APA, Purchaser shall have no obligation to pay wages, bonuses, vacation pay, pay for accrued personal or sick days, severance pay, benefits of any kind (including without limitation accrued unpaid medical benefits), or incentives, or retention payments, workers compensation, or unemployment benefits or any other payment with respect to employees or former employees of the Debtors.

33. Based upon the evidence presented or proffered, it has been determined that the Purchaser shall not be deemed to (a) be the successor in interest of the Debtors; (b) have, de facto or otherwise, merged with or into the Debtors; or (c) be a continuation of the Debtors.

34. The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety. Likewise, all of the provisions of this Order are non-severable and mutually dependent. In the event there are any inconsistencies between this Order and the Sale Motion or the APA, the terms of this Order shall control.

35. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing to be signed by all parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

36. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), and to any extent

necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order. In the event that all conditions precedent to closing have been met or waived under the APA, the Debtors and the Purchaser are hereby authorized to consummate the Transactions upon entry of this Order or as soon as reasonably possible thereafter.

37.  The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

Dated: April 2, 2009

*[signature]*
The Honorable Mary F. Walrath
United States Bankruptcy Judge

39563-002\DOCS_DE:146693.3