IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MANAGEDSTORAGE INTERNATIONAL, INC., *et al.*,[1] | Case No. 09-10368 (MFW) |
| | (Jointly Administered) |
| Debtors. | Objection Deadline: 7/15/2010 @ 4 PM<br>Hearing Date: 7/19/2010 @ 3 PM |

------------------------------------------------------x

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO 11 U.S.C. § 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A)

The Official Committee of Unsecured Creditors of Managed Storage International, Inc., *et al.* (the "Committee") by and through its undersigned attorneys, hereby files this motion (the "Motion") for entry of an order pursuant to Section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement agreement (the "Settlement Agreement"), attached hereto as <u>Exhibit A</u>. In support thereof, the Parties respectfully represent as follows:

### PRELIMINARY STATEMENT

1. This Motion seeks entry of an order approving the Settlement Agreement between the Committee and Laurus, with respect to the resolution of a dispute over the fees and expenses

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252), 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London, EC4M 7EF, United Kingdom.

incurred by the Committee Professionals (defined below).

2. The Settlement Agreement is fair, reasonable, and in the best interest of creditors and the estate. Approval of the Settlement Agreement will avoid the cost of further litigation, and allow for the administrative priority claim of the Committee Professionals and for properly winding down the estate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

4. The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## GENERAL BACKGROUND

5. On February 4, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

7. On the Petition Date, the Debtors filed a Motion to Approve Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-petition Financing pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection to Prepetition Lenders Pursuant to 11 U.S. C. §§ 361, 362, 363 and 364, and (IV) Scheduling the Final Hearing Pursuant to Bankruptcy Rule 4001 (the "DIP Motion") (Docket No. 14).

8. On February 10, 2009, the Court entered a Second Interim Order (I) Authorizing (A) Secured Post-Petition Financing; (B) Granting Security Interests, Superpriority Claims and Adequate Protection; and (C) Use of Cash Collateral and (II) Scheduling Final Hearing (the "Second Interim DIP Order") (Docket No. 45).

9. Also on the Petition Date, the Debtors filed a Motion for an Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of its Assets Outside the Ordinary Course of Business to Laurus Master Fund, Ltd. (In Liquidation) or a Higher and Better Bidder; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Section 363 (A), (F) and (M) of the Bankruptcy Code, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") (Docket No. 16).

10. According to the Sale Motion, Laurus became the stalking horse bidder and the Court approved its purchase of all of the Debtors' assets by credit bid.

11. On February 13, 2009, the Office of the United States Trustee appointed the Committee, which subsequently met and voted to retain Arent Fox LLP ("Arent Fox") and Elliott Greenleaf ("Elliott Greenleaf") as counsel to the Committee.

12. On February 16, 2008, the Committee selected as its financial advisors Weiser LLC ("Weiser" and together with Arent Fox and Elliott Greenleaf also referred to as the "Committee Professionals")

13. On March 3, 2009, the Committee filed an objection to the entry of the Final DIP Order.

14. On March 23, 2009, after the Court held a contested hearing on the Debtors' proposed Final DIP Order, the Court entered the Final DIP Order over the objection of the Committee (Docket No. 142).

15. Elliott Greenleaf, Co-Counsel, Delaware and Conflicts Counsel to the Official Committee of Unsecured Creditors, asserts that it is currently owed fees and expenses for services rendered for the period of February 16, 2009 through January 31, 2010 in the total amount of $120,006.70.

16. Weiser, Financial Advisor to the Official Committee of Unsecured Creditors, asserts that it is currently owed fees and expenses for services rendered for the period of February 16, 2009 through January 31, 2010 in the total amount of $29,468.17.

17. Arent Fox, as Counsel to the Official Committee of Unsecured Creditors, asserts that it is currently owed fees and expense for services rendered for the period of February 13, 2009 through January 31, 2010 in the total amount of $265,650.64.

18. The combined sum of fees and expenses as requested in the Committee Professionals' First Quarterly Fee Applications equaled $369,586.78, which amount did not include the fees and expenses incurred during the months of May, June and July, 2009.

19. Laurus raised an informal objection to the funding of any amount of fees and expenses sought by the Committee Professionals in excess of the Court-approved Carve-Out to such professionals which Carve-Out is in the aggregate amount of $100,000.

## COMPROMISE AND SETTLEMENT AGREEMENT

20. The Committee and Laurus seek approval of the Settlement Agreement, because it is fair, reasonable, and in the best interest of the Debtors' estate.

21. The Committee and Laurus have proposed to resolve their dispute pursuant to the attached Settlement Agreement with the following terms[2]:

(a) Laurus shall pay, provided this Order becomes final and non-appealable, to the Committee Professionals the additional maximum sum of three hundred fifteen thousand, two hundred twenty five dollars and fifty one cents ($315,000.00) in addition to the already agreed to and previously funded Carve-Out amount for such fees of one hundred thousand dollars ($100,000) for a total payment, including the previously funded Carve-out, of four hundred fifteen thousand dollars ($415,000.00) to be used solely for the Court approved fees and expenses incurred by the Committee Professionals; provided however, that if the Committee Professionals are paid in full and any funds are remaining such unused funds will be immediately and without demand returned to Laurus.

(b) Laurus shall further fund the sum of twenty-five thousand dollars ($25,000) on account of accrued but unpaid fees owed to the United States Trustee and Epiq as the Debtors' Claims Agent..

(c) Any payments by Laurus to the Committee Professionals shall be made pursuant to the filing of final fee applications by the Committee Professionals.

(d) In consideration of the additional payments from Laurus, the Committee and its Professionals for themselves and on behalf of the Debtors' estates and any party claiming by and through the estates, will ratify and reaffirm its release of Laurus from any and all claims or causes of action of any nature whatsoever, which releases became effective in accordance with the terms of the Final DIP Order as no challenge was asserted pursuant to the applicable provisions thereof.

## RELIEF REQUESTED

22. By this Motion, the Committee and Laurus respectfully request that this Court approve the Settlement Agreement pursuant to Rule 9019(a) of the Bankruptcy Rules.

## BASIS FOR RELIEF

23. In considering whether to approve a settlement agreement pursuant to Rule 9019 of the Bankruptcy Code, Bankruptcy Courts must evaluate fairness, reasonableness, equity and the best interest of the estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968); *In re Iridium Operating LLC*, 478 F.3d 452,

---

[2] The terms of the Settlement Agreement described herein are qualified in their entirety by the language of the Settlement Agreement itself.

462 (2nd Cir. 2007); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994).

24. "The legal standard for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate. To determine that a settlement is in the best interests of the estate.... the settlement must be fair and equitable. Such a finding is to be based on the probabilities of ultimate success should the claim be litigated, and: [A]n educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *In re Adelphia Communications Corp.*, 327 B.R. 143, 158-159 (Bankr. S.D.N.Y. 2005) (internal citations omitted).

25. The court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424-25.

26. To constitute a fair and equitable compromise or settlement, the court must find that the settlement does not "fall below the lowest level of reasonableness" and fair and reasonable cause of action for Debtor's estate, giving consideration to the interest of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *Cossoff v. Rodman (In re W.T. Grant Co)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Drexel*

*Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); *In re Del Grosso*, 106 B.R. 165, 167-68 (Bankr. N.D. 1989) (citation omitted).

27.     The court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 866–67 (Bankr. E.D. Mo. 1988).

28.     The Third Circuit specifically sets forth four criteria to be considered by the court in determining the fairness, reasonableness, and adequacy of a settlement, as follows:

   (a)   the probability of success of litigation;

   (b)   the likely difficulties in collection;

   (c)   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   (d)   the paramount interest of creditors.

*In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); *see also In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3rd Cir. 2002) (reiterating the *Martin* factors).

29.     In the present case, the Settlement Agreement should be approved because (i) sound business justification supports it, (ii) it is reasonable, and (iii) the four Martin factors weigh in favor of approval. Bankruptcy Code specifically gives statutorily appointed committees the right to retain legal counsel and financial advisors. In the present case, the Bankruptcy Court approved the Committee's requests to retain the Committee Professionals, and the Committee Professionals diligently and zealously represented the Committee in this case. Pursuant to the Bankruptcy Code, the Committee Professionals are entitled to an administrative

priority claim against the Debtors' estate. Rather than litigating over the additional carve-out amount, Laurus has agreed to enter into the Settlement Agreement to pay the Committee Professionals' administrative prior claim in accordance with the Bankruptcy Code.

30. The estate would have the added expense of financing the litigation, and the estate's professionals would have to wait to receive payment on their legitimate claims. The Settlement Agreement provides a resolution in the near term that avoids the risks and costs associated with litigation against the Committee Professionals.

31. Thus, the risk of litigation, as well as the complexity, cost and delay of continuing to litigate this matter are sufficient to establish the necessary benefits to approve the Settlement Agreement, which is fair, equitable and in the best interest of all parties.

## NOTICE

32. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Debtors; (ii) the Office of the United States Trustee; and (iii) parties requesting notice under Bankruptcy Rule 2002. The Committee and Laurus submit that, in light of the nature of the relief requested, no other or further notice need be given.

[Remainder of page intentionally left blank]

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court grant the Motion in its entirety and approve the Settlement Agreement annexed hereto as <u>Exhibit A,</u> and authorize the Debtors, the Committee and Laurus to enter into the Settlement Agreement.

Dated: June 25, 2010

ELLIOTT GREENLEAF

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
P.O. Box 2327
Wilmington, DE 19801
Tel: (302) 384-9400
Fax: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
- and -

ARENT FOX LLP
Robert M. Hirsh, Esq.
Heike M. Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Counsel for the Official Committee of Unsecured Creditors*