# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re:

MANAGEDSTORAGE INTERNATIONAL, INC., *et al.*,[1]

      Debtors.

Chapter 11

Case No. 09-10368 (MFW)

(Jointly Administered)

---------------------------------------------------------x

## STIPULATION BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND LAURUS MASTER FUND LTD

The Official Committee of Unsecured Creditors (the "Committee") of ManagedStorage International, Inc., *et al.* (the "Debtors") and Laurus Master Fund Ltd. ("Laurus" and together with the Committee also collectively referred to as the "Parties"), hereby enter into this settlement agreement (the "Agreement") and agree as follows:

## RECITALS

WHEREAS, on February 4, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition in the Bankruptcy Court for the District of Delaware (the "Court") for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, and their respective addresses, are: ManagedStorage International, Inc. (6252), 12303 Airport Way, Suite 250, Broomfield, CO 80201; Incentra Solutions, Inc. (3960), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of California, Inc. (3782), 4122 Sorrento Valley Blvd., Suite 102, San Diego, CA 92121; Network System Technologies, Inc. (8009), 2050-80 Finley Drive, Lombard, IL 60148; Incentra Solutions of the Northeast, Inc. (8372), 1140 Pearl Street, Boulder, CO 80302; Incentra Solutions of the Northwest, Inc. (8930), 9020 SW Washington Square Road, Suite 500, Portland, OR 97223; Sales Strategies, Inc. (0515), 6 Bridge Street, Unit 5, Metuchen, NJ 08840; and Incentra Solutions International, Inc. (1239), 15 Old Bailey, London, EC4M 7EF, United Kingdom.

WHEREAS, on the Petition Date, the Debtors filed a Motion to Approve Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection to Prepetition Lenders Pursuant to 11 U.S. C. §§ 361, 362, 363 and 364, and (IV) Scheduling the Final Hearing Pursuant to Bankruptcy Rule 4001 (the "DIP Motion") (Docket No. 14); and .

WHEREAS, on February 6, 2009, the Court granted the DIP Motion on an interim basis and entered the Interim Order (I) Authorizing (A) Secured Post-Petition Financing; (B) Granting Security Interests, Superpriority Claims and Adequate Protection; and (C) Use of Cash Collateral and (II) Scheduling Final Hearing (the "Interim DIP Order") (Docket No. 30); and

WHEREAS, On February 10, 2009, the Court entered a Second Interim Order (I) Authorizing (A) Secured Post-Petition Financing; (B) Granting Security Interests, Superpriority Claims and Adequate Protection; and (C) Use of Cash Collateral and (II) Scheduling Final Hearing (the "Second Interim DIP Order") (Docket No. 45); and

WHEREAS, also on the Petition Date, the Debtors filed a Motion for an Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain of its Assets Outside the Ordinary Course of Business to Laurus Master Fund, Ltd. (In Liquidation) or a Higher and Better Bidder; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Section 363 (A), (F) and (M) of the Bankruptcy Code, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "Sale Motion") (Docket No. 16); and

WHEREAS, according to the Sale Motion, Laurus became the stalking horse bidder and the Court approved its purchase of all of the Debtors' assets by credit bid; and

WHEREAS, on February 13, 2009, the Office of the United States Trustee appointed the Committee, which subsequently met and voted to retain Arent Fox LLP ("Arent Fox") and Elliott Greenleaf ("Elliott Greenleaf") as counsel to the Committee; and

WHEREAS, on February 16, 2008, the Committee selected as its financial advisors Weiser LLC ("Weiser" and together with Arent Fox and Elliott Greenleaf also referred to as the "Committee Professionals"); and

WHEREAS, on February 25, 2009, the Committee objected to the Sale Motion; and

WHERAS, on March 3, 2009, the Committee filed an objection to the entry of the Final DIP Order; and

WHEREAS, on March 23, 2009, the Court held a contested hearing on the Debtors' proposed Final DIP Order, and the Court entered the Final DIP Order over the objection of the Committee; and

WHEREAS, the Final DIP Order permitted the Committee or any other party in interest that established standing, until April 24, 2009, within which to file, on behalf of the Debtors, their estates and any party claiming through them, including any Trustee appointed at any time in any superseding case, objections or complaints respecting certain claims, causes of actions and defenses released by the Debtors or the validity, extent, priority, avoidability, or enforceability of the Pre-Petition Indebtedness and the Pre-Petition Liens in the Pre-Petition Collateral, including seeking the subordination any liens or claims of the Pre-Petition Lenders under Section 510 of the Bankruptcy Code or otherwise; and

WHEREAS, neither the Committee nor any other party commenced within the time required by the Final DIP Order any claims or causes of action against the Pre-Petition Lenders or filed objections or complaints respecting certain claims, causes of actions and defenses

released by the Debtors or the validity, extent, priority, avoidability, or enforceability of the Pre-Petition Indebtedness and the Pre-Petition Liens in the Pre-Petition Collateral, including seeking the subordination any liens or claims of the Pre-Petition Lenders under Section 510 of the Bankruptcy Code or otherwise; and

WHEREAS, the statute of limitation to bring any claims or causes of action against the Pre-Petition Lenders or to dispute the validity, extend, priority, avoidability, or enforceability of the Pre-Petition Indebtedness and the Pre-Petition Liens in the Pre-Petition Collateral has expired, and the Committee and any other party in interest on behalf of the Debtor's estate are forever barred from bringing such claims or causes of action or from disputing the Pre-Petition Indebtedness or the Pre-Petition Liens; and

WHEREAS, on April 2, 2009, after a Court hearing during which the Court considered, *inter alia*, the Committee's objection to the Sale Motion, the Court approved and entered an Order Approving (I) Asset Purchase Agreement, (II) Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (III) Waiver of Stay Provisions Under Bankruptcy Rules 6004 and 6006, (IV) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (V) Granting Other Related Relief (the "Sale Order") (Docket No. 192); and

WHEREAS, pursuant to the Sale Order, the Debtors sold substantially all of their assets to Laurus for its credit bid since no other potential purchaser emerged; and

WHEREAS, on April 24, 2009, the Debtors filed Motion to Establish Deadline to File Proofs of Claim (the "Bar Date Motion") (Docket No. 227); and

WHEREAS, the Bar Date Motion established June 25, 2009 as the date by when all proofs of claim, including requests for administrative expenses, had to be filed (the "Bar Date"); and

WHEREAS, Elliott Greenleaf, Co-Counsel, Delaware and Conflicts Counsel to the Official Committee of Unsecured Creditors, asserts that it is currently owed fees and expenses for services rendered for the period of February 16, 2009 through January 31, 2010 in the total amount of $120,006.70; and

WHEREAS, Weiser, Financial Advisor to the Official Committee of Unsecured Creditors, assets that it is currently owed fees and expenses for services rendered for the period of February 16, 2009 through January 31, 2010 in the total amount of $29,468.17; and

WHEREAS, Arent Fox, as Counsel to the Official Committee of Unsecured Creditors, asserts that it is currently owed fees and expense for services rendered for the period of February 13, 2009 through January 31, 2010 in the total amount of $265,650.64; and

WHEREAS, after expiration of the Bar Date, and after the filing of the first quarterly fee applications of all professionals, the Committee Professionals worked with the Debtors to analyze, and if possible, reconcile the administrative claims filed against the Debtors' estate; and

WHEREAS, the Committee Professionals negotiated with Laurus, and Laurus agreed to provide additional funding to increase the carve-out provided to the Committee Professionals under the DIP Order; and

NOW THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. Laurus shall pay, provided this Order becomes final and non-appealable, to the Committee Professionals the additional maximum sum of three hundred fifteen thousand

dollars ($315,000.00) in addition to the already agreed to and previously funded carve-out amount of one hundred thousand dollars ($100,000) for a total payment of four hundred fifteen thousand dollars ($415,000.00) to be used solely for the Court approved fees and expenses incurred by the Committee Professionals; provided however, that if the Committee Professionals are paid in full and any funds are remaining such unused funds will be returned to Laurus.

2. Laurus shall further fund the sum of twenty-five thousand dollars ($25,000) on account of accrued but unpaid fees owed to the United States Trustee and Epiq as the Debtors' Claims Agent.

3. Any payments by Laurus to the Committee Professionals shall be made pursuant to the filing of final fee applications by the Committee Professionals.

4. In consideration of the additional payments from Laurus, the Committee for itself and on behalf of the Debtors and their estates and its Professionals and any party that could claim through them on behalf of the estates, shall be deemed to have, and shall have, with full and complete authority, released and forever discharged Laurus and all predecessors, successors, assigns, insurers, officers, directors, employees, agents, professionals, attorneys, shareholders, corporate parents, subsidiaries and affiliates of Laurus or any other Laurus entity ("Other Entities"), from any and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Committee or its Professionals may ever have or may ever claim to have against Laurus or the Other Entities relating to this bankruptcy proceeding. In addition, the waivers, releases and validation of the

liens, claims and interests of the Pre-Petition Lenders and DIP Lender, including the extent, validity, priority and non-avoidability of same, all as set forth in the Final DIP Order are hereby ratified and affirmed by the Committee on behalf of the Debtors' estate.

5. This Agreement shall be binding upon the successors and assigns of Laurus, the Other Entities, the Debtors and any trustee, including but not limited to a Chapter 7 trustee that may be appointed in this case.

6. This Agreement may not be amended or modified except by a writing signed by the parties hereto.

7. This Agreement may be executed by facsimile or portable document format in any number of counterparts, each of which, taken together, shall be an original, and all of which taken together shall be deemed to constitute one and the same instrument.

8. This Agreement is conditioned upon its approval by and its entry "SO ORDERED" by the United States Bankruptcy Court for the District of Delaware (the "Court"), without which it shall be null, void and without effect.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement, interpretation and implementation of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of June 25, 2010.

| | |
|---|---|
| Counsel for Laurus Master Fund Ltd. | Counsel for the Official Committee of Unsecured Creditors for ManagedStorage International, Inc., *et al.* |
| By: _____<br>Stuart Komrower<br>COLE, SCHOTZ, MEISEL, FORMAN &<br>LEOARND, P.A.<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>Tel: (201) 525-6331<br>Fax: (201) 678-6331 | By: _____<br>Rafael X. Zahralddin-Aravena<br>ELLIOTT GREENLEAF<br>P.O. Box 2327<br>Wilmington, DE 19899<br>Tel: (302) 384-9400<br>Fax: (302) 384-9399<br>    - and-<br>Robert M. Hirsh, Esq.<br>Heike M. Vogel, Esq.<br>ARENT FOX LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3900 |