IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| ManagedStorage International, Inc. *et al.*,[1] | ) Case No. 09-10368 (MFW) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Objection Deadline: December 9, 2015 @ 2:00 p.m. |
| | ) Hearing Date: December 16, 2015 @ 2:00 p.m. |

**APPLICATION OF CHAPTER 7 TRUSTEE TO RETAIN LAW OFFICE
OF SUSAN E. KAUFMAN, LLC AS GENERAL COUNSEL
*NUNC PRO TUNC* TO OCTOBER 20, 2015**

Jeoffrey L. Burtch, the duly appointed Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Estates" of the "Debtors"), moves to retain Law Office of Susan E. Kaufman, LLC as general counsel *nunc pro tunc* to October 20, 2015 (the "Application"), and in support of this Application respectfully represents that:

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On February 4, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

3. On November 3, 2010, an Order was entered converting the Debtors above captioned cases from chapter 11 to chapter 7 of the Bankruptcy Code.

---

[1] The Debtors in these cases are: ManagedStorage International, Inc.; Incentra Solutions, Inc.; Incentra Solutions of California, Inc.; Network System Technologies, Inc.; Incentra Solutions of the Northeast, Inc.; Incentra Solutions of the Northwest, Inc.; Sales Strategies, Inc.; and Incentra Solutions International, Inc.

4.      Jeoffrey L. Burtch was appointed as interim trustee on or about November 4, 2010, pursuant to Section 701 of the Bankruptcy Code.  Thereafter, the meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded on January 18, 2011, and Mr. Burtch serves as the trustee (hereinafter, "Trustee") for these cases pursuant to 11 U.S.C. § 702(d).

5.      On February 8, 2011 an Order was entered granting the retention of Cooch and Taylor, P.A. ("C&T") as general counsel for the Trustee, *nunc pro tunc* to December 20, 2010.  In September, 2015, the Trustee and C&T decided to sever their relationship.  As a result of the termination of this relationship, the Trustee has decided to replace C&T with Kaufman, except that C&T shall remain as counsel for the Trustee in a pending adversary proceeding and all matters arising out of relating to *Burtch v. Avnet, Inc., Adv. No. 12-50026 (MFW)*.

6.      Susan E. Kaufman, Esq. was the lead attorney at C&T working on these.  As of September 25, 2015, Ms. Kaufman and Ms. McCudden are no longer associated with C&T and are now affiliated with the Law Office of Susan E. Kaufman, LLC ("Kaufman").

## RELIEF REQUESTED

7.      Because of Ms. Kaufman's familiarity with these cases, the Trustee seeks to retain Kaufman as replacement general counsel to represent him in these cases.  The normal hourly rates for professionals at Kaufman who will be utilized are set forth herein:

   a.      $370.00 to $475.00 for attorneys

   b.      $250.00 for paraprofessionals

Kaufman will seek compensation based upon its normal hourly rates. The hourly rates stated are Kaufman's standard hourly rates for work of this nature, and are subject to periodic adjustment.

8.      These rates are set at a level designed to fairly compensate Kaufman for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Kaufman's

policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying and imaging charges provided by Kaufman or outside copying services, travel expenses, expenses for "working meals," computerized research, and transcription costs.  Kaufman will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Kaufman's other clients, and subject to any limitations imposed by the Local Rules and Orders of this Court.  Kaufman believes it is more appropriate to charge these expenses to the clients incurring them than increase the hourly rates and spread the expenses among all clients.

9. To the best of the Trustee's knowledge, as stated in the Affidavit of Susan E. Kaufman, Esq., annexed hereto, Kaufman has no interest adverse to the Debtors or the Estates in any of the matters upon which it is to be engaged, and its employment will be in the best interest of the Estates.

WHEREFORE, the Trustee requests that the Court enter the attached form of order employing Kaufman as general counsel *nunc pro tunc* to October 20, 2015.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB#3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

Proposed counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: November 20, 2015